UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RONALD and VICTORIA HOGAN,   No. 14-10879

                Debtor(s).
_____/

Memorandum on Motion to File Claim Beyond Bar Date
_____

      In Chapter 13 cases, missing the bar date for claims in a bankruptcy case is fatal to the claimant. Section 502(b)(9) of the Bankruptcy Code forbids allowance of a late claim unless the claim is considered timely pursuant to the Federal Rules of Bankruptcy Procedure; Rule 3002(c) of those rules specifies the time for filing claims in Chapter 13 cases and Rule 9006(b)(3) prohibits the enlargement of time other than provided by Rule 3002(c).

      In this case, creditor First Tech Federal Credit Union, which is owed about $110,000.00 by Chapter 13 debtors Ronald and Victoria Hogan,[1] filed two objections to the Hogans' proposed plan before the claims bar date. However, it neglected to file a proof of claim. Well after the claims bar date, it filed the motion now before the court seeking to file a late claim. The Hogans object. They

---

[1] The First Tech obligation was secured by a junior deed of trust to the Hogans' home. First Tech became a sold-out junior when a senior lender foreclosed, and is now unsecured.

1

identify no prejudice if First Tech were granted relief other than having to litigate the merits of the claim, which they scheduled as disputed.

At the hearing on the motion, the court pointed out to First Tech that the applicable rules did not permit a late Chapter 13 claim and that First Tech's reliance on *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) and *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1433n9 (9th Cir. 1990), was misplaced since those cases were Chapter 11 cases, where the applicable rules do allow late claims under some circumstances. It appeared to the court that First Tech's only hope of an allowed claim was if its two objections to the Hogans' Chapter 13 plan, filed before the claims bar date, are considered an informal proof of claim subject to amendment after the bar date pursuant to the doctrine most recently stated in *In re Fish,* 456 B.R. 413, 417 (9th Cir. BAP 2011). The court gave both sides extra time to brief the issue.

Under *Fish* and the Circuit authority it cited, an informal proof of claim may be found if five requirements are met. The two objections to the plan filed by First Tech clearly meet four of the requirements (writing, before the bar date, by the creditor, bringing its claim to the attention of the court), but the fifth requirement, that the pleading relied upon must state the nature and amount of the claim, is problematical. While the July 21, 2014, objection clearly states the nature of its claim ("First Tech is the current beneficiary of a Home Equity Line of Credit Deed of Trust . . . ."), neither that objection nor the July 30, 2014, supplemental objection states an amount First Tech claims to be owed. However, $25,064.67 is stated by the Hogans in the plan as being owed to First Tech and the Hogans scheduled a disputed debt of $125,044.45 to First Tech in their Schedule D.

While the court agrees with the Hogans that in a Chapter 13 case a scheduled debt does not create an amendable proof of claim, the law appears to be that the schedules or other pleadings may supply a missing element of an informal proof of claim even though filed by the debtor. *In re Barker,* 2014 WL 1273765*5 (9th Cir. BAP 2014); *In re Riley*, 2013 WL 4854485*5 (C.D.Cal. 2013). In this case, the plan filed by the Hogans identified a debt specifically owed to First Tech with a stated amount in default. It seems too formalistic to hold that First Tech cannot have an amendable informal

claim because the amount of the debt was mentioned in the plan filed by the Hogans and not the objection to that plan filed by First Tech.  The better view of the law, as stated in *Riley*, is that either a pleading or a schedule filed by the debtor, while not creating an informal proof of claim, may supply at least a single missing element of an informal proof of claim.

     For the foregoing reasons, the court will treat First Tech's motion as a motion to amend a timely informal proof of claim and as such, will grant the motion.  Counsel for First Tech shall submit an appropriate form of order forthwith.

Dated: January 6, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

3