UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RONALD and VICTORIA HOGAN,            No. 14-10879

          Debtor(s).
_____/

Memorandum on Chapter 13 Plan Confirmation
_____

      Chapter 13 debtors Ronald and Victoria Hogan have a long history with this court and an even longer history with the California courts. Their Third Amended Chapter 13 Plan is now before the court. Objections have been filed by DeAngelis Construction, Inc., Marvin DeAngelis, Gary Pope, and DeAngelis Pope Homes (hereafter referred to collectively as "DeAngelis") and by the Law Office of Eugene P. Haydu, a former counsel of the Hogans with a large unsecured claim for legal services. Before the court can address the terms of the plan, it is necessary to for the court to recite a history of the state court litigation and the Hogans' tactics before this court.

      In 2002, the Hogans sued DeAngelis for rescission of the purchase of a residence on Gardenview Place in Santa Rosa, California, by the Hogans from DeAngelis. In May of 2004, the state court entered an order confirming that the purchase was rescinded. Nevertheless, the Hogans remained in possession of the property and litigation between the parties continued, culminating in a jury trial and cross-appeals thereafter. On May 20, 2009, the state appellate court rendered a lengthy decision resolving the numerous issues on appeal. All during this period, the Hogans remained in possession of the property.

Thereafter, more issues were raised in the state trial court and the Hogans appealed its orders, all the while keeping possession notwithstanding the affirmed order that the sale was rescinded. On April 18, 2012, the state appellate court rejected the all of the Hogans' arguments. It also stated:

> We are, therefore, very dismayed to learn that the Hogans continue to retain possession of the Gardenview property. We are equally concerned that the two appeals before us today are evidence of a pattern of delay, designed to prolong the Hogans' stay in a home that does not belong to them.

The appellate court specifically rejected the position of the Hogans that they could remain in possession of the property until DeAngelis paid them consequential damages and reiterated that the payment of the consequential damages to the Hogans is conditioned on the return of the property to DeAngelis.

Instead of surrendering the property at that point, on May 31, 2012, the Hogans filed their first Chapter 13 petition in this court. They delayed surrender of the property for another eight months, filing a series of seven amended plans, none of which was confirmed. This court ultimately dismissed that case on the motion of DeAngelis in January, 2013. This court found at that time that the Hogans were trying to use the bankruptcy court improperly to condition surrender of the property on payment of damages, even though the state courts had expressly rejected this position. This court found that the filing of the Chapter 13 by the Hogans was a continuation of their pattern of delay, designed to prolong their stay in the property, and not a good faith desire to reorganize.

The court was very displeased when the Hogans filed this second Chapter 13 case less than six months later, on June 11, 2014. Not only were the Hogans back, but they were still in possession of the home. The court made it clear that it would not give the Hogans the time of day so long as they continued in their unlawful possession of the property.

Somehow, during the decade or so that they involved in litigation, the Hogans had refinanced the home they were supposed to surrender and thereafter did not make their mortgage payments to the lender. The court granted relief from the automatic stay to that lender which thereafter nonjudicially foreclosed and took possession of the home. Finally, the Hogans were out of the property. The court is

2

therefore willing to consider their plan.

The Hogans' third amended plan is very simple. They propose to pay $400 per month for 60 months, and in addition continue their legal battle with DeAngelis. Their plan proposes that when they recover the pot of gold at the end of that rainbow they will "pay an amount sufficient to pay all allowed unsecured claims a dividend representing the liquidation value of the non-exempt proceeds." If the Hogans recover nothing, then the only parties to be paid anything under the plan are their bankruptcy attorney and a claim secured by their car which they would have to pay anyway. The only practical effect of the plan would be to allow the Hogans to continue to pursue DeAngelis on their own without running the risk that a bankruptcy trustee in Chapter 7 would seek to compromise the claim rather than continue the marathon litigation.

The court thinks very little of DeAngelis' objection. Its primary argument is that it owes the Hogans nothing due to their conduct after they obtained a judgment for rescission. While that may be so, the object of intended litigation by a bankruptcy estate has no standing to object to a plan which calls for prosecution of that litigation. See, e.g., *Zazzali v. Hirschler Fleischer, P. C.*, 482 B.R. 495, 507, n.4 (D.Del.2012) ["Defendant, who at the time of Plan confirmation was merely a potential future defendant in a litigation involving the bankruptcy estate, likely lacks standing to appeal the confirmed Plan."]. While DeAngelis has filed a claim against the Hogans, that only gives them standing to object as a creditor, not as potential defendant. DeAngelis' persistent argument, "don't let them sue us because we don't owe them anything" does not shoehorn well into a legitimate objection to plan confirmation and has harmed DeAngelis considerably in the eyes of the court.

On the other hand, the Haydu objection is legitimate and has merit. The court agrees with Haydu that in order for the Hogans to obtain confirmation of their plan they must show, pursuant to § 1325(a)(4) of the Bankruptcy Code, that their plan gives unsecured creditors as much as they would receive in a Chapter 7 case. Despite the self-serving protests of DeAngelis, there is a significant possibility that a Chapter 7 trustee could recover something from them for creditors. If the Hogans are allowed to litigate on their own they have no incentive to consider any resolution which does not give

3

them a substantial personal recovery. They have not met their burden under § 1325(a)(4), and in fact the court has formed the opinion from their appearances in this court and the record of state court proceedings that they are unsympathetic litigants who have alienated the courts in which they have litigated so that their chances of recovering anything for creditors is close to zero.

Moreover, the court cannot find that the Hogans have proved that they have proposed their plan in good faith as required by § 1325(a)(3). Their plan has no compelling purpose and is proposed only to allow them to prosecute DeAngelis for their personal gain. The court cannot forget that they filed two Chapter 13 cases in order to thwart the mandate of the state courts and caused the property to be lost to foreclosure rather than return it. Under these circumstances, the Hogans have failed to demonstrate that they have proposed their plan in good faith.

For the foregoing reasons, the Haydu objection will be sustained and confirmation of the third amended plan denied. Counsel for Haydu shall submit an appropriate form of order.

Dated: March 13, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

4